## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

MATTHEW WIGGINS,

       Plaintiff,

v.                                No. CIV 09-0741 JH/LAM

MR. M. CULLUGH,
MR. B. YATES,
MR. T. HELVVO,
MR. D. STARK,
MR. J. CALHOUN,
MS. K. HUNT,

       Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, to review Plaintiff's complaint.  Plaintiff is incarcerated, appears pro se, and is proceeding *in forma pauperis*.  Based on the information about Plaintiff's financial status, the Court finds that Plaintiff is unable to make an initial partial payment pursuant to § 1915(b)(1).  The initial partial payment will be waived and, for the reasons below, Plaintiff's complaint will be dismissed.

The Court has the discretion to dismiss an *in forma pauperis* complaint *sua sponte* under §1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted."  The Court also may dismiss a complaint *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile."  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma,*

*Dep't of Human Servs.*, 925 F.2d 363, 365 (10th Cir. 1991)).  A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations.  *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

When Plaintiff filed his complaint, he was a detainee at the San Juan County, New Mexico, Detention Center.  Civil Rights Complaint Pursuant to 28 U.S.C. § 1983 (*Doc. 3*) at 1.  The complaint alleges that Plaintiff, who suffers from mental disorders (*id.* at 4), was denied recreation (*id.*), exposure to sunlight (*id.* at 2, 6), library access (*id.* at 4), and a diet conforming to his religious beliefs (*id.*).  He asserts that Defendants' conduct aggravated his mental condition (*id.* at 4, 5) and violated his constitutional rights (*id.* at 4).  The complaint seeks exclusively equitable relief.  *Id.* at 6.  In his notice of change of address (*Doc. 18*), Plaintiff states that he has been sentenced, and the envelope indicates that he is now confined at the Central New Mexico Correctional Facility.

Because Plaintiff has been sentenced and transferred, and because he seeks only equitable relief, his claims are moot and must be dismissed.  A claim for prospective relief cannot be maintained absent factual allegations sufficient to support a conclusion that Plaintiff faces similar injury in the future.  *See Facio v. Jones*, 929 F.2d 541, 544 (10th Cir. 1991).  "[T]his court has explained that a 'plaintiff cannot maintain a declaratory or injunctive action unless he or she can demonstrate a good chance of being likewise injured [by the defendant] in the future.' " *Cox v. Phelps Dodge Corp.*, 43 F.3d 1345, 1348 (10th Cir. 1994) (quoting *Facio*, 929 F.2d at 544) (second alteration in *Cox* opinion).  The Court may not grant the relief that Plaintiff seeks against the Defendants and will, therefore, dismiss the complaint.

IT IS THEREFORE ORDERED that the initial partial payment toward the filing fee is

WAIVED;

IT IS FURTHER ORDERED that Plaintiff's complaint is DISMISSED with prejudice, and

judgment will be entered.

IT IS SO ORDERED.

_____
JUDITH C. HERRERA
UNITED STATES DISTRICT JUDGE